# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re

**CARLYN N. WILSON,**

**Debtor**

**Chapter 13**
**Case No. 00-16925-RS**

---

**CARLYN N. WILSON,**

**Plaintiff**

v.

**EMC MORTGAGE CORPORATION,**

**Defendant**

**Adversary Proceeding**
**No. 04-1276**

## PROCEDURAL ORDER

The Plaintiff has demanded a jury trial as to all counts so triable.  In response to this Court's earlier procedural order, she argues that she is entitled to a jury trial on all remaining counts, and she expressly consents to this Court's conducting the jury trial.  In its response to the same procedural order, the Defendant states that it does not consent to this Court's conducting the jury trial and that, in accordance with MLBR 9015-1(c), this action must therefore be transferred to the United States District Court.  All pretrial proceedings have been completed, and the adversary proceeding is ready to be scheduled for trial.

Absent the express consent of all parties to a particular count, the bankruptcy court may not conduct a jury trial as to that count.  28 U.S.C. § 157(e).  Here, the Plaintiff clearly is entitled to a jury trial as to at least one count of its complaint, a count for breach of contract, and

therefore the adversary proceeding must be tried to a jury.[1] For lack of the Defendant's consent, the Bankruptcy Court may not conduct the jury trial.

The local rules of this court state that, where a right to a jury trial applies but a party does not consent to the bankruptcy court's conducting the jury trial, "the Bankruptcy Court shall conduct all pretrial proceedings and thereafter transfer the case or proceeding to the appropriate United States District Court for trial." MLBR 9015-1(c). Notwithstanding the language in this rule directing the Bankruptcy Court to transfer the adversary proceeding, statutory authority to transfer a proceeding—that is, the authority conferred in 28 U.S.C. § 157(d) to withdraw a case or proceeding to the District Court—is given solely to the District Court. See 28 U.S.C. § 157(a) and (e). Moreover, FED. R. BANKR. P. 5011(a) states expressly that "a motion for withdrawal of a case or proceeding shall be heard by a district judge." Insofar as the local rule is inconsistent with § 157(d) and Rule 5011(a), the local rule may be invalid.[2] To avoid infirmity in subject matter jurisdiction that might arise on account of a transfer by this Court in reliance on the local rule, this Court will refrain from transferring the adversary proceeding and instead permit the Plaintiff to move under 28 U.S.C. § 157(d) and Rule 5011(a) for withdrawal of the proceeding by the District Court.

Accordingly, the Court hereby ORDERS that the Plaintiff may, on or before October 28, 2005, file in this adversary proceeding a motion under 28 U.S.C. § 157(d) to withdraw this adversary proceeding to the District Court. If the Plaintiff files such a motion, this Court will

---

[1] The Court expresses no opinion as to whether a right to trial by jury attaches to the other counts. The various counts of the complaint, including one for damages under 11 U.S.C. § 362(h) for violation of the automatic stay, involve common issues of fact and therefore should be tried together.

[2] I need not rule on that issue and note that arguments can be made to the contrary.

transmit the motion to the District Court for adjudication.  If no such motion is timely filed, the

Court will enter an order to show cause why it should not abstain as to some or all of the counts

in the complaint.

Date: _October 17, 2005_              _Robert Somma_

                                      Robert Somma
                                      United States Bankruptcy Judge

cc:  Robert Charlton, Esq., for Defendant EMC Mortgage Corp.
     Roger Bertling, Esq., for Plaintiff Carlyn Wilson